## TIOS *v.* RADOVICH.

Where a seaman sets at defiance the lawful authority of the master, it justifies his immediate discharge, and destroys all rights which he might otherwise have growing out of the relation of the parties.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *J. J. Lugenbühl*, for plaintiff. *C. Dufour*, for defendant.

OGDEN, J. The plaintiff was second mate on board the brig Union, which was wrecked off the Mexican coast, in January, 1852, while under the command of the defendant who was captain and owner of the vessel.

This action is brought to recover damages from the captain, on the ground that without any just or sufficient cause he had discharged the plaintiff and left him on a barren beach, without provisions and the necessaries of life, and that he had been subjected to great loss, suffering and expense in getting back to New Orleans, to which port, by the shipping articles, the vessel was to return.

The defendant justifies his discharge of the plaintiff, on the ground that he with most of the crew had behaved in a most undisciplined and provoking manner—had disobeyed his orders, refused to work, and fomented discord. He further avers, that his offers of assistance to the crew had been systematically declined with a view to a vexatious prosecution.

It appears from the evidence, that the vessel was cast away about a mile from the beach and at a distance of about twenty miles from Cozacualco. That by the labor of the crew with the assistance of some Mexicans with a canoe, hired by the captain, a considerable part of the cargo, together with the ship's stores, the rigging, sails and spars of the vessel were taken ashore, and tents were erected on the beach for the temporary accommodation of the crew. Up to that time it does not satisfactorily appear that the crew had refused to work, but the testimony conclusively establishes, that the captain having determined to go to Cozacualco in the canoe, in order to procure a boat or ship's launch, to take what had been saved from the wreck to Cozacualco, sent his chief officer for four of the men to go with him—that the plaintiff and most of the crew refused to obey this order, unless the captain would consent

to take the clothing of the crew first—that on receiving this answer to his message, the captain sent his chief the second time to say to his crew that he wanted the stores of the ship to be first carried, and that they answered the second time that they would not go unless their own clothing was taken first.

This conduct on the part of the plaintiff, can be viewed in no other light than that of insubordination. The command of the captain was a lawful one, and to have permitted the crew to dictate the conditions on which they would yield obedience to a lawful command, would have been the virtual surrender of his authority as captain and an abandonment of his own duty and obligations which could not have been discharged without maintaining the supremacy with which the law invested him.

In cases of shipment, it is part of the duty of a seaman to exert himself to save the cargo, and as long as he has any duty to perform, he is subject to the commands of the master of the ship.

The law on this subject is laid down in Abbot on Shipping, p. 173, to be, that even when the ship has gone to pieces, the seaman is not at liberty to depart from the shore where the mischance has been encountered. Quoting the language of a learned Judge in admiralty : " He has a right to cling to the last plank, in satisfaction of his wages, and is bound to stand by and obey the master as long as there remains, in his judgment, a prospect of recovering any part of the ship or cargo." See also, Abbot on Shipping, pp. 176, 177, and Kent's Commentaries, section 46.

Disobedience to a lawful command of the master, may be committed under circumstances which would not amount to insubordination, when the disobedience is wilful, it is a grave offence and would certainly justify the discharge by the master, but where it is not only wilful, but is persisted in, so as to set at defiance the lawful authority of the master, it amounts to insubordination, and not only justifies an immediate discharge of the seaman, but destroys all rights which he might otherwise have growing out of the relation between the parties.

The several Acts of Congress referred to by the appellant's counsel, for regulating and securing the rights of seamen, was not designed to afford them protection in cases when by wilful disobedience, amounting to insubordination, they have chosen to forfeit rights which it was the object of the humane laws of Congress to secure to them.

Under the circumstances of this case, we do not consider it material, that there was no formal discharge of the plaintiff, until after the captain had returned with the launch from Cozacualco. When the captain, for the second time, made a call for the men to go with him and they refused, as they were then on a foreign shore, their refusal to accompany the captain, was on their part virtually an abandonment of the captain and a denial of his authority over them.

There is no evidence to support the plaintiff's claim for damages on the ground of defamation of character.

The judgment of the court below is therefore affirmed with costs.